CANFIELD S. MARTIN *v.* HIS CREDITORS AND THOSE OF THOMAS J. CASEY & Co.

The assignment of a warehouse receipt, in the absence of an express stipulation, that the property is given in pledge to secure the payment of a principal obligation, the amount of which is specified, does not confer a privilege upon the transferee.

In order to create a pledge, it is necessary not only that delivery should accompany the private deed, but also that the instrument should exhibit the nature and extent of the reciprocal rights and obligations of the contracting parties.

A creditor of an insolvent, whose indebtedness preceded the surrender of the insolvent, may plead his debt in compensation of any amount due by him to the insolvent.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.

*Bonford, Singleton & Clack,* for opponents and appellants. *Benjamin, Bradford & Finney,* for syndic. *Durant & Hornor,* for *Reed & Co.*

VOORHIES, J. The syndic of the insolvent estate of *J. Casey & Co.,* presented a tableau of classification and distribution, to the homologation of which several oppositions were filed by different creditors. Five of these opponents, and the syndic himself a creditor, have appealed from the judgment of the District Court.

1. *H. Renshaw,* whose claim is classed as an ordinary debt, avers that it is secured by privilege on the proceeds of the sale of ten thousand bags of salt. His claim is based upon the transfer of a warehouse receipt issued to *Levy, Summers & Co.,* and endorsed over to him by the holders.

The assignment of a warehouse receipt, in the absence of a stipulation that the property is given in pledge to secure the payment of a principal obligation, the amount of which is specified, does not confer a privilege upon the transferee. *H. W. Cater, use of, v. H. B. Merrill & Co.,* 14 An. 375.

Privileges are of strict right; and parties claiming them must conform to the requirements of the law. It is required, in order to create a pledge, not only that delivery should accompany the private deed, but that the instrument itself should exhibit the nature and extent of the rights and obligations of the contracting parties reciprocally.

Our attention has been called to the case of *Martin* v. *His Creditors,* (reported in 14 An. at page 393,) as not distinguishable from the present suit. There is a manifest difference between them ; one has reference to a contract of sale, and the other to a contract of pledge.

2. With regard to the claims of *J. Egan & Co.,* and of *Chouteau, Jr. & Co.* the tableau must be amended, for the purpose of refunding to the former the sum of $818 50, and to the latter the sum of $935 90, paid under protest. They were carried on the account of the syndic as ordinary creditors, and at the same time denied the benefit of compensating the amounts they owed to the insolvent, by the amounts due to themselves. As the mutual indebtedness preceded the cession or surrender of property, compensation took effect by operation of law. *Boissier's Syndic* v. *Belair,* 1 N. S. 483 ; *Beatty, Syndic,* v. *Scuddy,* 10 An. 404.

3. The opposition of *James Harrison & Co.* must be maintained, so as to allow them to be refunded the sum of $811 89, paid by them to the syndic for storage. The merchandise kept in the insolvent's warehouse was fraudulently

MARTIN
v.
CASEY.

disposed of, to an amount exceeding the charge for storage ; the opponents could not be called upon to pay these costs, without a compliance on the part of the warehouseman, with his corresponding obligations.

4. The opposition of *S. H. Kennedy & Co.*, for the sum of $1,226, is well founded. They paid the sum of $606, under protest, under similar circumstances as *James Harrison & Co.*; and, with regard to the balance of $620, the same was compensated by operation of law, as the claim against *James Eagan & Co.* and *Chouteau, Jr. & Co.*

5. *Woodruff & Co.* paid the sum of $65 for storage of salt, belonging and adjudicated to them. They are entitled to recover this amount, because the insolvent failed to deliver a portion of the merchandise, to an amount equal to the costs for storage.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be amended, so as to conform to the several amendments made by this court in favor of the appellant, to wit, *J. Eager & Co.* for the sum of eight hundred and eighteen dollars and fifty cents ; *Chouteau, Jr. & Co.*, for the sum of nine hundred and thirty-five dollars and ninety cents ; *James Harrison & Co.* for the sum of eight hundred and eleven dollars and eighty-nine cents ; *S. H. Kennedy & Co.* for the sum of twelve hundred and twenty-six dollars; and *Woodruff & Co.* for the sum of sixty-five dollars; and that, in other respects, the judgment of the District Court be affirmed, one-half of the costs of appeal to be borne by the insolvent's estate, and the other half by *H. Renshaw* personally.

MERRICK, C. J., took no part in this case.